CLAUDE HARVE TURNER

*v.*

STATE OF ILLINOIS.

*Opinion filed March 8, 1923.*

SOCIAL JUSTICE AND EQUITY—*when award will be made.* Claimant an attendant at the Illinois State Hospital, while in the discharge of his duty contracted the disease of small-pox while attending an inmate of the institution, and as a result of the disease his eyes became infected which later resulted in the loss of his right eye and probable loss of the left eye. *Held,* that while the State is not legally liable to claimant as an act of social justice and equity he is entitled to an award.

Edward J. Brundage, Attorney General, for State.

The evidence in this case discloses that the claimant, Claude Harve Turner, who resides at 436 S. Irving Avenue, Chicago, Illinois, was employed at the Chicago State Hospital at Dunning, Illinois, for the past three years up to and including December 26th, 1921; that claimant was working in said hospital as a nurse and that said hospital is a State Hospital for the Insane; that his duties were that of an attendant at that institution taking care of insane patients, giving them medicine under direction of the doctors, keeping them in bed and otherwise administering to them; that a patient by the name of Walter Benninger became a patient in the claimant's ward on the 23rd day of December, 1921, that said patient had smallpox; that on December 24th the claimant assisted in the care of said patient, holding him while a Miss Hering tried to take his temperature and get a mouth and throat culture; that because of the patients violence neither Miss Hering or claimant were able to get either mouth or throat culture; that claimant received orders from the attending physician to keep the patient in bed until further orders; that eleven o'clock a. m. said patient was removed to the back end of the ward, the forty bed ward as claimant calls it, and that claimant's orders were to keep him in bed and keep him isolated from the other patients; that claimant was obliged to stay near the patient at all times; that in taking care of the patient the claimant was obliged to come in close contact with said patient, placing his arms around the patient's shoulders and neck, holding him upright while he was taking patient's temperature; that the attending physician told claimant that there was no danger in his doing so; that claimant was about seven and a half hours in constant attendance of said patient; that claimant was ordered to take the patient to the second floor of the hospital, known as the isolation floor and that he was unable to do so without help as the patient was a man weighing about 170 pounds and claimant could not handle him with-

out assistance and that claimant asked for assistance; that the Supervisor informed him she could not furnish assistance, that a Miss Koelling was Supervisor of this ward; that claimant finally took the patient to the second flood without any assistance, but that it took some time to take patient down.

The evidence further shows that claimant had a day off on Monday, December 25th and returned to work at 3 o'clock p. m., said Benninger was taken out of the hospital at 8 o'clock of that day and taken to the Isolation Hospital, 3411 South Hamlin Avenue, Chicago, Illinois, where the smallpox patients are taken; that on December 26th, 1921, the claimant was vaccinated by Dr. Lenchen and the vaccination pronounced successful by Drs. Foley and Coffey; that on January 3rd, 1922, the claimant was taken with chills and fever and a nausea while on duty at said Dunning Hospital; that on January 6th, 1922, the claimant noticed an eruption on his body and Dr. Archibald L. Hoyne was called in to see patient and diagnosed the case as smallpox; that claimant was sent to the Isolation Hospital at 3411 Hamlin Avenue, Chicago, Ill., and was treated by Dr. Hoyne, claimant being confined in said hospital for the period of six weeks and two days; that claimant was irrational for two weeks; that claimant suffered from eruptions on his body changing into pustules, which became confluent and one perforated the anterior chamber of his right eye and two under left eye lid; that as result of the pustule penetrating the anterior chamber of the right eye the sight was entirely destroyed; that the condition of claimant's health has been very bad and that he is not able to do anything; that claimant has consulted eminent eye specialists of Chicago and has been informed by them that his right eye will probably have to be removed; that there is no chance of improvement of the vision in that eye, the vision is reduced to a mere preception of light, due to an extensive scar, and that there is no prospect of any improvement in claimant's vision; that these specialists further informed claimant, that, if the right eye should become inflamed it may be that the left eye will also have to be removed.

The evidence further shows that claimant has not been employed at any time since contracting said disease and that he has not been able to do anything since that time; that claimant's health is very poor and that at the time of the taking of this evidence, on August 31st, 1922, he has been unable to do work of any kind; that he has been receiving a salary of $55.00 per month from the State of Illinois since his illness; that said salary amounts to the sum of $330.00.

The evidence of the attending physician is substantially the same as the claimant's regarding the disease and its treatment, cause and effect.

The State of Illinois, being represented by the Attorney General, has demurred to the declaration, which as a matter of law will be sustained. However, the Attorney General interposes no objection to a recommendation, pursuant to the policy of the Court in this class of cases in such amount as equity and social justice require.

Considering the sufferings of the claimant, the result of the loathsome disease and the condition in which he now is and will be for the remainder of his life, the Court as a matter of equity and social justice find that the claimant is entitled to an award. We therefore recommend the award at the sum of three thousand seven hundred fifty ($3,750.00) dollars in full settlement of all claims against the State of Illinois.